IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,056-01, -02, -03 & -04






EX PARTE ALVA ZANE MCGRATH, JR., Applicant









ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS

CAUSE NOS. 881224-A, 940494-A, 940496-A & 940495-A 

IN THE 179TH JUDICIAL DISTRICT COURT

FROM HARRIS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated sexual assault of a child and two counts of indecency with a child. He was sentenced
to imprisonment for two life terms and two terms of ninety-nine years. The Fourteenth Court of
Appeals affirmed his convictions. McGrath v. State, Nos. 14-03-00510-CR, 14-03-00511-CR, 14-03-00512-CR & 14-03-00513-CR (Tex. App.-Houston [14th Dist.], delivered October 7, 2004, pet.
ref'd). 

 Applicant contends that trial counsel rendered ineffective assistance because they failed to
impeach the complainant's testimony and failed to object when the State argued, after the parties had
rested, that the defense's forensics expert agreed with the computer analysis of the State's forensics
expert.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's ineffective
assistance of counsel claims. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 6, 2006

Do not publish